UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CRAIG PETRARCA,<br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 07-378 S |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter is before the Court on the request of Plaintiff Craig Petrarca ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Disability Insurance Benefits ("DIB"), under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act"). Plaintiff has filed a motion to reverse the Commissioner's decision or, alternatively, remand the matter to the Commissioner.[1] Defendant Michael J. Astrue ("Defendant") has filed a motion under sentence four of 42 U.S.C. § 405(g) for remand of the case to the Commissioner for further administrative proceedings.

[1] Plaintiff argues that: (1) the administrative law judge ("ALJ") failed to evaluate the expert medical opinions of the State agency non-examining physicians; (2) the Commissioner failed to carry his burden at step five of proving the existence of a significant number of jobs which Plaintiff could perform; and (3) the ALJ mis-characterized the medical expert's testimony. Plaintiff's Memorandum in Support of Plaintiff's Motion to Reverse without a Remand for a Rehearing or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision ("Plaintiff's Mem.") at 9. Defendant represents that Plaintiff has assented to the relief requested by Defendant. See Assented to Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant ("Motion to Remand") at 1.

The matter has been referred to this Magistrate Judge for preliminary review, findings, and recommended disposition. See 28 U.S.C. § 636(b)(1)(B). I find that remand to the Commissioner is appropriate. Accordingly, I recommend that Defendant's Assented to Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Document ("Doc.") #9) ("Motion to Remand") be granted and that Plaintiff's Motion to Reverse without or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision (Doc. #6) ("Motion to Reverse or Remand") be granted to the extent that the matter be remanded for further administrative proceedings.

**Discussion**

Defendant requests that the Court reverse his decision, enter judgment, and remand the matter pursuant to sentence four of 42 U.S.C. § 405(g). See Memorandum of Law in Support of Defendant's Assented to Motion for Remand under Sentence Four of 42 U.S.C. § 405(g) ("Defendant's Mem.") at 2. Section 405 of Title 42 of the United States Code ("U.S.C.") provides, in relevant part, that: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). According to Defendant, "[u]pon review of the record, the Commissioner finds that additional administrative action is warranted in this case." Defendant's Mem. at 1. Specifically, Defendant suggests that:

> Upon remand, the Administrative Law Judge will be instructed to further explain the weight given to all medical source opinions in the record and to provide further rationale, with reference to specific medical evidence, in support of the functional limitations. This rationale will include a function-by-function assessment of [P]laintiff's limitations (i.e., an assessment not

> only of [P]laintiff's ability to lift/carry, but also other work-related functions, including his ability to stand and walk). The Administrative Law Judge will also be instructed to obtain further evidence from a medical expert if necessary and to obtain supplemental evidence from a vocational expert regarding the effect of [P]laintiff's functional limitations on the occupational base.

Id. at 1.

The Court agrees that remand to the Commissioner for further administrative proceedings as outlined above is appropriate. Accordingly, I recommend that Defendant's Motion to Remand be granted and that Plaintiff's Motion to Reverse or Remand be granted to the extent that the matter be remanded.

**Conclusion**

I recommend that Defendant's Motion to Remand be granted, that Plaintiff's Motion to Reverse or Remand be granted to the extent that the matter be remanded, and that the matter be remanded to the Commissioner for further administrative proceedings. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 8, 2008